IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Case No. 3:09cr034(1) |
| vs. : | |
| : | JUDGE WALTER HERBERT RICE |
| DARIUS D. STEVENS, : | |
| Defendant. : | |

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR
RECONSIDERATION (DOC. #173)

---

Defendant Darius Stevens ("Defendant" or "Stevens") is charged in the Superseding Indictment (Doc. #35) with 24 counts of bank fraud, in violation of 18 U.S.C. § 1344; 24 counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A; 23 counts of uttering forged or counterfeit securities, in violation of 18 U.S.C. § 513(a); and one count of possessing implements designed and suited for making forged or counterfeit securities, in violation of 18 U.S.C. § 513(b). Some of the evidence supporting those charges was seized on March 3, 2009, when a search warrant was executed at the Defendant's residence located at 1712 Wesleyan Road, Dayton, Ohio. As a consequence, Stevens filed a motion seeking the suppression of that evidence. See Doc. #60.

On August 6, 2009, the Court conducted an oral and evidentiary hearing on that motion. On October 7, 2009, during briefing on the matter and before the Court ruled upon same, the Defendant requested an additional hearing on his motion seeking suppression of the evidence. See Doc. #77. The purpose of that hearing was to have been solely to allow the Defendant to offer evidence about a photo spread that had been shown to a confidential informant on March 2, 2009. Stevens argued that his photo, used in the photo spread, was not taken until the following day. That hearing was postponed on several occasions, with the result that no hearing on the photo spread issue was ever held.[1] After innumerable delays, on June 16, 2010, Stevens requested still another additional hearing, this time on his assertion that the Government had violated the rule established in Franks v. Delaware, 438 U.S. 154 (1978). See Doc. #114. The Court granted Defendant's request, and conducted a second oral and evidentiary hearing, this time on the Franks issue, said hearing taking place on October 22, 2010, with evidence relating to the Defendant's assertion that the Government had violated Franks, alone, being presented. The record was left open, and, on November 8, 2010, the parties appeared in open Court to indicate that they had no further witnesses. After further briefing, in its Decision of March 2, 2011 (Doc. #155), the Court overruled Stevens' Motion to Suppress Evidence (Doc. #60), rejecting both his initial argument, challenging probable cause, and that predicated on Franks.

---

[1] If the failure to hold such a hearing was the result of oversight by either the Court or counsel, the undersigned should be so advised and such a hearing will be convened.

This case is now before on Defendant's Motion for Reconsideration (Doc. #173). The Government has chosen not to file a memorandum in opposition to the Defendant's motion. In his motion, the Defendant argues that the Court erred in its previous determination that there had not been a violation of the rule established by the United States Supreme Court in <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), in the affidavit submitted in support of the application for the search warrant. For reasons which follow, this Court overrules the Defendant's motion.

On March 2, 2009, Special Agent Bradley Mercer ("Mercer") of the United States Secret Service executed an affidavit with which he was able to obtain a search warrant for the Defendant's residence at 1712 Wesleyan Road from United States Magistrate Judge Sharon Ovington. Mercer set forth the facts supporting the existence of probable cause to believe that contraband or evidence of a crime would be found at that residence. Of particular present importance are ¶¶ 4 and 5 of that document, which are based on information supplied by Amanda Cabaniss ("Cabaniss"). Stevens contends the emphasized portion of ¶ 4 violates the rule established by <u>Franks</u>. Paragraphs 4 and 5 of Mercer's affidavit provide:

> 4. On 02/20/09, your Affiant interviewed Amanda LNK at the Dayton Resident Office of the United States Secret Service. Ms. Cabaniss has passed numerous counterfeit commercial checks in the Southern District of Ohio during the time frame of December 2008 to the present. Each of these checks was counterfeit in their entirety and fraudulently manufactured to appear as a payroll type check, typically in an amount just under $400.00. Amanda had agreed to come to the Dayton Resident Office voluntarily to speak to me regarding her involvement in a large counterfeiting check ring. Prior to interviewing Amanda, I told her that she was free to leave at any time[,] and she verbally indicated that she understood in the presence of Michael Sollenberger of the Montgomery County Sheriff's Office[,] as well as Detective Chris Murray of the Kettering Police Department. Amanda

admitted passing approximately twenty (20) counterfeit checks that were provided to her by a suspect later identified as Charles Essex. Amanda stated that Charles Essex recruited her to pass these counterfeit checks and, in exchange, gave her a part of the proceeds from each check. Amanda stated that a friend of Charles Essex was actually manufacturing the counterfeit checks but she did not know his name. Furthermore, Amanda stated that Charles Essex told her that he had to surrender the majority of the proceeds of each check to the individual who had made the counterfeit checks. <u>Finally, Amanda stated that she had previously met with Detective Chris Murray of the Kettering Police Department and identified a vehicle that she knew to be operated by the unknown individual who had manufactured the counterfeit checks</u>.

5. Continuing on 02/20/09, I met with Detective Chris Murray of the Kettering Police Department regarding this vehicle that had been identified by Amanda LNK. Detective Murray stated that the vehicle was a 1990 Oldsmobile, gold in color, bearing Ohio license plate DTX-5712. The vehicle had been observed parked on Wesleyan Road, in front of 1712 Wesleyan Road, Dayton, Ohio. Detective Murray stated that he had conducted a computer check of the license plate number and discovered that the vehicle was registered to a Darius D. Stevens Sr., 1712 Wesleyan Road, Dayton, Ohio.

Government Ex. 1. at 2-3 (emphasis added).

In <u>Franks</u>, the Supreme Court held:

> In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient

content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

438 U.S. at 171-72 (footnote omitted).

Herein, a Franks hearing has been conducted. Based upon the evidence presented that hearing, this Court concludes that ¶ 4 of Mercer's affidavit contains a falsehood. In particular, this Court agrees with Stevens that Cabaniss did not tell Mercer or Detective Chris Murray ("Murray") that she knew the unknown individual operating the motor vehicle was the person who manufactured the counterfeit checks. Accordingly, this Court turns to the second prong of the Franks test, to wit: the question of whether that statement was a deliberate falsehood or made with a reckless disregard for the truth.

As an initial matter, the Defendant failed to present any evidence which would support a finding that Mercer deliberately misstated that Cabaniss knew the unknown individual who was driving the automobile was the person who was manufacturing the counterfeit checks. Therefore, the Court turns to the question of whether the statement was made with a reckless disregard for the truth. In United States v. Kunen, 323 F. Supp.2d 390 (E.D.N.Y. 2004), the court discussed the manner in which most Federal Courts of Appeals, including the Sixth Circuit, have defined recklessness, as used by the Supreme Court in Franks, a term which the Franks Court did not define:

> The Eighth Circuit has explained "that the test for determining whether an affiant's statements were made with reckless disregard for the truth [is] ... whether, viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his (or her) statements or had

> obvious reasons to doubt the accuracy of the information he (or she) reported." United States v. Schmitz, 181 F.3d 981, 986-87 (8th Cir. 1999).
>
> "[M]ost Circuits [that have had occasion to address the issue] have adopted a subjective test for recklessness similar to that used in First Amendment libel cases." United States v. Cican, 63 Fed. Appx. 832, 835 (6th Cir. [2003] ). Under that standard the question is not what a reasonably prudent person would have appreciated given the attendant circumstances but rather whether the [affiant] "in fact entertained serious doubts as to the truth" of the subject statements. Id.; see United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) ("to prove reckless disregard for the truth, the defendant must prove that the affiant 'in fact entertained serious doubts as to the truth' of the allegations," quoting United States v. Williams, 737 F.2d 594 602 (7th Cir. 1984)); United States v. Davis, 617 F.2d 677, 694 (D.C. Cir. 1979). Although the commonly used standard is subjective, "[r]ecklessness may be inferred from circumstances evincing obvious reasons to doubt the veracity of the allegations." United States v. Ranney, 298 F.3d at 78 (internal quotation marks and citation omitted).

Id. at 395. See also United States v. Laich, 2010 WL 259041 (E.D.Mich. 2010) (discussing the holding of the Sixth Circuit in United States v. Cican, 63 Fed. Appx. 832 (6th Cir. 2003)).

Herein, applying those standards to the statements made in Mercer's affidavit, this Court cannot find that the officer acted with more than negligence. In ¶ 5 of his affidavit, Mercer set forth the correct chain of events, at least according to the testimony presented during the oral and evidentiary hearing conducted on October 22, 2011. He related what Murray had told him, i.e., that Cabaniss had identified a vehicle to him (Murray) which was parked outside 1712 Wesleyan Road, Stevens' residence and the place that was searched. Murray entered the license plate number on that car in his computer, which revealed that it was owned by Stevens. Including in ¶ 5, the information which corrects the misstatement contained in ¶ 4, prevents this Court from concluding that Mercer "in

fact entertained serious doubts as to the truth" of ¶ 4 of his affidavit.[2] United States v. Cican, 63 Fed. Appx. 832, 835 (6th Cir. 2003).

Accordingly, the Court concludes that Mercer was not acting with a reckless disregard for the truth when he included the misstatement in ¶ 4 of his affidavit.

However, even if this Court were to have found that Mercer had acted with a reckless disregard for the truth, rather than merely engaging in sloppy draftsmanship, it could not find that probable cause was absent, if it were to set the misstatement in ¶ 4 of his affidavit to one side. In ¶ 5 of his affidavit, Mercer fully explained what had happened, i.e., that Cabaniss had identified an automobile which was parked in front of the Defendant's residence and that a check of its licence plates revealed that it was registered to Stevens. Putting the false statement contained in ¶ 4 to one side, the information contained in ¶ 5 of Mercer's affidavit established the facts set forth in the falsehood contained in ¶ 4. Even though (see Doc. #155 at 15), as Defendant argues, this Court cited segments of ¶ 4 of Mercer's affidavit, when concluding that probable cause to search the Defendant's residence existed, the Court could have gotten the information supplied by Cabaniss in support of that conclusion from ¶ 5. Moreover, other evidence supported this Court's finding of probable cause, such as the information set forth in Mercer's affidavit from Chris Campbell, indicating that, on a number of occasions, he had been taken to the Defendant's residence in order

---

[2]In ¶ 5 of his affidavit, Mercer indicated that Murray had told him that Cabaniss had identified the automobile, a fact fully supported by testimony during the evidentiary hearing, without stating that it was operated by an individual who Cabaniss knew to be the manufacturer of the counterfeit checks she had been cashing, thus correcting any impression left by ¶ 4 that Cabaniss knew who had manufactured those checks.

to obtain counterfeit checks. Accordingly, this Court concludes that the remainder of Mercer's affidavit contains sufficient information, if the Court were to set the false statement in ¶ 4 of Mercer's affidavit to one side, to establish probable cause.

Based upon the foregoing, the Court overrules the Defendant's Motion for Reconsideration (Doc. #173).

November 3, 2011

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.